# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT KANSAS

SPRINT COMMUNICATIONS COMPANY L.P.,

       Plaintiff,

   vs.

CHARTER COMMUNICATIONS, INC.; BRIGHT HOUSE NETWORKS, LLC; TIME WARNER CABLE, LLC (f/k/a TIME WARNER CABLE INC.); CRAIG COWDEN, an individual; PAUL WOELK, an individual.

       Defendants.

Case No.: 20-2161

Action Filed: February 18, 2020
Action Served: March 3, 2020

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Charter Communications, Inc. ("Charter") hereby gives notice of removal of this action, captioned *Sprint Communications Company L.P. v. Charter Communications, Inc. et al.*, bearing case number 20CV00906, from the District Court of Johnson County, Kansas, to the United States District Court for the District of Kansas.  This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

1.      On February 18, 2020, Plaintiff, Sprint Communications Company L.P. ("Sprint"), filed this action in the District Court of Johnson County, Kansas.  On February 25, 2020, Sprint filed an amended petition ("the Amended Petition" or "Am. Pet.").  The Amended Petition names

the following defendants: Charter Communications, Inc.; Bright House Networks, LLC;[1] Time Warner Cable, LLC;[2] Craig Cowden; and Paul Woelk.

2.      As discussed below, Plaintiff is a citizen of Kansas and Missouri and all Defendants are citizens of states other than Kansas or Missouri.

3.      Charter received the original and amended petitions through service of process on March 3, 2020.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Charter is attached hereto as **Exhibit 1**.  A copy of the state court docket and all documents filed in the state court action is attached hereto as **Exhibit 2**.

## VENUE AND JURISDICTION

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 96, 1391, 1441(a), and 1446(a) because the District Court of Johnson County, Kansas, where this action was filed, is a state court within the District of Kansas.

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

## I.      THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

6.      For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in

---

[1] Bright House Networks, LLC changed its name to Spectrum Sunshine State, LLC on January 1, 2020.
[2] Plaintiff pled in the Amended Petition that Time Warner Cable, LLC is an entity formerly known as Time Warner Cable, Inc.  (Am. Pet. ¶ 1.)  This is incorrect.  Time Warner Cable, LLC is formerly known as TWC Newco LLC.

which its partners are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). A limited liability company is a citizen of every state in which its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). A person is a citizen of the state in which he or she is domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

7.     Applying these principles, there is complete diversity of citizenship here because Plaintiff is a Kansas and Missouri citizen and all Defendants are citizens of states other than Kansas or Missouri.

### A.     Plaintiff Is a Citizen of Kansas and Missouri

8.     Plaintiff Sprint Communications Company L.P. is a Delaware limited partnership. *See* Am. Pet. ¶ 13. Sprint has two partners. *See* Sprint Communications Company L.P.'s Am. and Restated Certificate of Ltd. P'ship., attached as **Exhibit 3**. These two partners include a general partner, US Telecom, Inc. and a limited partner, Utelcom LLC. *Id.*

a.     US Telecom, Inc. is a corporation organized under the laws of Kansas with its principal place of business in Overland Park, Kansas. *See* US Telecom, Inc. 2019 Annual Report, attached as **Exhibit 4**.

b.     According to publicly available information, Utelcom LLC is a Kansas limited liability company whose members are Stefan Schnopp, Jorge Gracia, Katie True-Awtry, and Steve Brammer. *See* Utelcom LLC 2019 Annual Report, attached as **Exhibit 5**. Mr. Schnopp is a resident of the state of Kansas. *See* Accurint Data Search attached as **Exhibit 6**. Mr. Gracia is a resident of the state of Kansas. *See* Accurint Data Search attached as **Exhibit 7**. Ms. True-Awtry is a resident of the state of Kansas. *See* Accurint Data Search attached as **Exhibit 8**. Mr.

Brammer is a resident of the state of Missouri.  *See* Accurint Data Search attached as **Exhibit 9**. Accordingly, Utelcom LLC is a citizen of Kansas and Missouri.

9.     Because Sprint's partners are Kansas or Missouri citizens, Sprint is a Kansas and Missouri citizen for purposes of diversity jurisdiction.

**B.     None of the Defendants Is a Citizen of Kansas or Missouri**

10.     Defendant Charter Communications, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut.  (Am. Pet. ¶ 14.)

11.     Defendant Time Warner Cable, LLC ("TWC") is a Delaware limited liability company whose sole member is Charter Communications Operating, LLC.  *See* March 26, 2020 Declaration of Daniel Bollinger, ¶ 2, attached hereto as **Exhibit 10**.  Charter Communications Operating, LLC is a Delaware limited liability company whose sole member is CCO Holdings, LLC.  *Id.* ¶ 5.  CCO Holdings, LLC is a Delaware limited liability company whose sole member is CCH I Holdings, LLC.  *Id.* ¶ 6.  CCH I Holdings, LLC is a Delaware limited liability company whose sole member is CCHC, LLC.  *Id.* ¶ 7.  CCHC, LLC is a Delaware limited liability company whose sole member is Charter Communications Holding Company, LLC.  *Id.* ¶ 8.  Charter Communications Holding Company, LLC is a Delaware limited liability company whose sole member is Spectrum Management Holding Company, LLC.  *Id.* ¶ 9.  Spectrum Management Holding Company, LLC is a Delaware limited liability company whose sole member is Charter Communications Holdings, LLC.  *Id.* ¶ 10.  Charter Communications Holdings, LLC is a Delaware limited liability company with four members.  *Id.* ¶ 11.  Those members are Insight Blocker LLC, CCH Holding Company, LLC, Advance/Newhouse Partnership, and CCH II, LLC.  *Id.*

a.     Insight Blocker LLC is a Delaware limited liability company whose sole member is Insight Communications Company LLC.  *Id.* ¶ 11(a).  Insight Communications

Company LLC is a Delaware limited liability company whose sole member is Charter Communications, Inc. *Id.*

      b.      CCH Holding Company, LLC is a Delaware limited liability company whose sole member is Charter Communications, Inc. *Id.* ¶ 11(b).

      c.      Advance/Newhouse Partnership is a New York partnership with two partners. *Id.* ¶ 11(c). Those partners are A/NPC Holdings LLC and A/NP Holdings Sub, LLC, both of which are Delaware limited liability companies. The sole member of A/NP Holdings Sub, LLC is A/NPC Holdings LLC. *Id.* The members of A/NPC Holdings LLC are Newhouse Cable Holdings LLC and Advance Communications Company LLC, both of which are New York limited liability companies. *Id.* The sole member of Newhouse Cable Holdings LLC is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York. *Id.* ¶ 11(c)(i). The sole member of Advance Communications Company LLC is Advance Local Holdings Corp., a Delaware corporation with its principal place of business in New York. *Id.* ¶ 11(c)(ii).

      d.      CCH II, LLC is a Delaware limited liability company with five members. *Id.* ¶ 11(d). Those members are Charter Communications, Inc., Insight Communications Company LLC, Coaxial Communications of Central Ohio LLC, NaviSite Newco LLC, and TWC Sports Newco LLC. *Id.* Charter Communications, Inc. and Insight Communications Company LLC are citizens of Delaware and Connecticut for purposes of diversity jurisdiction. *See supra* ¶¶ 10, 11(a). Coaxial Communications of Central Ohio is a Delaware limited liability company whose sole member is Insight Communications Company LLC. Bollinger Declaration. ¶ 11(d)(ii). NaviSite Newco LLC is a Delaware limited liability company whose sole member is Charter

Communications, Inc.  *Id.* ¶ 11(d)(iii).  TWC Sports Newco LLC is a Delaware limited liability company whose sole member is Charter Communications, Inc.  *Id.* ¶ 11(d)(iv).

12.     Based on the foregoing, TWC is a citizen of Delaware, Connecticut, and New York for the purposes of diversity jurisdiction.

13.     Defendant Spectrum Sunshine State, LLC ("Spectrum") (f/k/a Bright House Networks, LLC) is a Delaware limited liability company whose sole member is Charter Communications Operating, LLC.  *Id.* ¶ 4.  Accordingly, Spectrum is a citizen of Delaware, Connecticut, and New York for the purposes of diversity jurisdiction.  *See supra* ¶ 11.

14.     Defendant Craig Cowden is domiciled in Colorado.  *See* (Am. Pet. ¶ 17); March 25, 2020 Declaration of Craig Cowden, attached hereto as **Exhibit 11**.

15.     Defendant Paul Woelk is domiciled in Connecticut.  *See* (Am. Pet. ¶ 18); March 25, 2020 Declaration of Paul Woelk, attached hereto as **Exhibit 12**.

16.     Accordingly, all of the Defendants are citizens of a state other than Kansas or Missouri for the purposes of diversity jurisdiction.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id*. at 553.  In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages.  *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

18.     Here, the Amended Petition alleges that the Defendants "misappropriated Sprint's trade secrets and intellectual property with the intention of benefiting themselves and their sister companies to the sum of billions of dollars, causing Sprint to lose customers, revenue, profits, and future business."  (Am. Pet. ¶ 1.)  The Amended Petition further asserts that "Sprint spent years and millions of dollars investing in, developing, and optimizing" the technology that Defendants allegedly "stole."  (*Id.* ¶ 11.)  Sprint seeks actual damages and restitution for its alleged injuries. (*Id.* Prayer for Relief.)  It is thus indisputable that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.     The Notice of Removal Is Timely

19.     This Notice of Removal is timely filed.  Charter received the original and amended petitions through service on March 3, 2020.  Because Charter filed the Notice of Removal on March 27, 2020, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

### B.     All Properly Joined and Served Defendants Consent to Removal

20.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

21.     The following properly joined and served Defendants (all Defendants) consent to removal, as indicated by their signing below: Bright House Networks, LLC; Time Warner Cable, LLC; Craig Cowden; and Paul Woelk.

22.     By filing this Notice of Removal, neither Charter nor any other Defendant waives any defense that may be available and reserves all such defenses.  If any question arises as to the

7

propriety of the removal to this Court, Charter requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case has been properly removed.

C.       **Notice of Removal**

23.      Pursuant to 28 U.S.C. § 1446(d), Charter will give written notice of the filing of this Notice of Removal to all parties of record in this matter, and will file a copy of this Notice with the clerk of the District Court of Johnson County, Kansas.

### CONCLUSION

WHEREFORE, Charter hereby removes this action from the District Court of Johnson County, Kansas, to the United States District Court for the District of Kansas.

DATED:  March 27, 2020            BY:   *s/ Scott C. Nehrbass*
                                        Scott C. Nehrbass, #16285
                                        Matthew D. Stromberg, #23710
                                        FOULSTON SIEFKIN LLP
                                        32 Corporate Woods
                                        9225 Indian Creek Parkway, Suite 600
                                        Overland Park, Kansas 66210-2000
                                        (913) 253-2144 tel
                                        (866) 347-1472 fax
                                        Email:  snehrbass@foulston.com
                                        Email:  mstromberg@foulston.com

                                        **Attorneys for Defendant**
                                        **CHARTER COMMUNICATIONS, INC.**

**WRITTEN CONSENT OF OTHER
DEFENDANTS**


By:   *s/ Scott C. Nehrbass*
      Scott C. Nehrbass, #16285
      Matthew D. Stromberg, #23710
      FOULSTON SIEFKIN LLP
      32 Corporate Woods
      9225 Indian Creek Parkway, Suite 600
      Overland Park, Kansas 66210-2000
      (913) 253-2144 tel
      (866) 347-1472 fax
      Email:  snehrbass@foulston.com
      Email:  mstromberg@foulston.com

**Attorneys for Defendants TIME WARNER
CABLE, LLC and SPECTRUM SUNSHINE
STATE, LLC (f/k/a BRIGHT HOUSE
NETWORKS, LLC)**



By:   *s/ Lee M. Smithyman*
      Lee M. Smithyman, # 09391
      SMITHYMAN & ZAKOURA,
      CHARTERED
      7400 W. 110th Street, STE 750
      Overland Park, KS 66210
      (913) 661-9800
      Email: lee@smizak-law.com

**Attorneys for Defendants COWDEN AND
WOELK**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March 2020, I electronically filed the foregoing pleading with the Clerk of the Court by using the ECF system and I mailed a true and correct copy of the above and foregoing via email and U.S. Mail, First Class, to:

> B. Trent Webb
> Zach Chaffee-McClure
> Michael Cargnel
> SHOOK, HARDY & BACON L.L.P.
> 2555 Grand Blvd.
> Kansas City, MO 64018
> bwebb@shb.com
> zmcclure@shb.com
> mcargnel@shb.com
>
> ATTORNEYS FOR PLAINTIFF
>
> Lee M. Smithyman,
> SMITHYMAN & ZAKOURA, CHARTERED
> 7400 W. 110th Street, STE 750
> Overland Park, KS 66210
> lee@smizak-law.com
>
> *ATTORNEYS FOR DEFENDANTS*
> *CRAIG COWDEN AND PAUL WOELK*

> By: *s/ Scott C. Nehrbass*
> *ATTORNEYS FOR DEFENDANTS*
> *CHARTER COMMUNICATIONS,*
> *INC., SPECTRUM SUNSHINE*
> *STATE, LLC F/K/A BRIGHT*
> *HOUSE NETWORKS, LLC, AND*
> *TIME WARNER CABLE, LLC*