IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., BRIGHT HOUSE NETWORKS, LLC, TIME WARNER CABLE LLC, CRAIG COWDEN, and PAUL WOELK,<br><br>Defendants. | Case No. 20-cv-2161-JWB-TJJ |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Joint Motion to Stay (ECF No. 44). All defendants jointly request the Court stay discovery in this case pending ruling on their motions to dismiss.[1] The motion to stay discovery is now fully briefed.[2] For the reasons discussed below, the Court denies the motion and will subsequently schedule this case for a telephone scheduling conference.

I. **Background**

Plaintiff Sprint Communications Company L.P. filed this case on February 18, 2020 in the District Court of Johnson County, Kansas.[3] Plaintiff then filed an amended petition on

---

[1] ECF Nos. 23 and 25.

[2] *See* ECF Nos. 50 and 53.

[3] ECF No. 1-2 at 5.

February 25, 2020.[4] Defendant Charter Communications, Inc. removed the case to this Court on March 27, 2020.[5]

Plaintiff alleges "trade secret misappropriation relating to Sprint's Voice-Over-IP ("VoIP") technology and business."[6] Specifically, Plaintiff alleges Defendants Time Warner Cable LLC, Bright House Networks, LLC, and Charter Communications, Inc. misappropriated Plaintiff's trade secrets and intellectual property with the intention of benefiting themselves and their sister companies. As a result of these acts, Plaintiff alleges it lost customers, revenue, profits, and future business. Plaintiff also alleges two former Sprint employees, Defendants Craig Cowden and Paul Woelk improperly acquired, used, and disclosed Plaintiff's confidential, proprietary, and trade secret information related to its VoIP.

Defendants filed their motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on May 4, 2020. They filed the present joint motion to stay on May 28, 2020. Defendants argue the Court should stay discovery because the motions to dismiss will dispose of the case in its entirety, discovery will not aid in the determination of the motions to dismiss, and discovery would be wasteful and burdensome. Plaintiff opposes the motion to stay the case.

## II. Legal Standard

The decision regarding whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[7] The Tenth Circuit, however, has held that "the

---

[4] ECF No. 1-2 at 53.

[5] ECF No. 1.

[6] ECF No. 1-2 at 53.

[7] *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *2 (D. Kan. Nov. 21, 2013) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) and *McCoy v. U.S.*, No. 07–2097–CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).

right to proceed in court should not be denied except under the most extreme circumstances."[8] Therefore, "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending."[9] There are exceptions, however, to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[10]

### III.     Analysis

Defendants argue all three of the above factors apply. First, Defendants argue the motions to dismiss are likely to be granted, and if they are granted, they will dispose of the case in its entirety. Defendants claim the motions to dismiss will be granted because the claims were filed beyond the statute of limitations, and that the claim against Defendant Woelk will fail because the agreement at issue is unenforceable. Defendants argue this means the motions to dismiss will be granted with prejudice with no opportunity for repleading. Defendants do not indicate why they believe this to be true other than because Plaintiff did not move to amend its Amended Petition and instead filed Responses to both Motions to Dismiss, which Defendants argue is because amendment would be futile.[11]

Plaintiff argues the issue of the timeliness of the allegations is disputed. It says it has put forth facts rebutting the application of the statute of limitations defense and, at the very least, has raised a legitimate dispute regarding the timeliness of the trade secret claims to make dismissal

---

[8] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[9] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[10] *Id.*

[11] *See* ECF No. 45 at 3 n.2.

improper at this stage.[12] Plaintiff argues this dispute alone supports its position that discovery is necessary. Additionally, Plaintiff claims even if the motions to dismiss were granted, they might not be case dispositive because the Court could grant it leave to amend its complaint, which it requested in its response to the motions to dismiss.

Plaintiff also points out that in their motions, Defendants attached "voluminous materials outside of the pleadings."[13] Thus, Plaintiff argues, "if the Court were to construe Defendants' Motion to Dismiss as a summary judgment motion and/or consider facts beyond the face of the Amended Petition, more discovery would be needed and warranted to establish facts to defend against the Motion."[14]

The Court agrees with Plaintiff that it does not appear this case is likely to be finally concluded as a result of the ruling on the motions to dismiss. This is not to say the motions to dismiss are likely to be unsuccessful, but rather it is not likely they will be granted and conclude the case in its entirety so that discovery at this early stage of the proceedings is unwarranted. Even if Defendants are successful, Plaintiff has requested an opportunity to amend its pleading rather than having the case dismissed with prejudice, despite Defendants' statement to the contrary.[15]

Additionally, given the extensive exhibits attached to Defendants' motions to dismiss, it is quite possible that the motions will be converted into a motion for summary judgment. In that

---

[12] ECF No. 50 at 5.

[13] ECF No. 50 at 8 (noting Defendants Charter Communications, Inc., Bright House Networks, LLC, and Time Warner Cable, LLC attached 20 exhibits to their motion to dismiss (*see* ECF No. 26)).

[14] ECF No. 50 at 8–9.

[15] ECF No. 42 at 17; ECF No. 43 at 22.

event, Plaintiff would likely seek to conduct discovery into the attached exhibits and into arguments it may use to defend the motion.[16]

Finally, Defendants do not specify how discovery while the motions to dismiss are pending would be wasteful or burdensome. They generally state discovery in this case could be wide reaching but acknowledge the possibility that at least some discovery that has already been done in prior cases could be used here.[17] Defendants seem to want Plaintiff to specify exactly what discovery it will seek, including how many depositions and of whom. Those details are not necessary this early in the case. Rather, the Court is confident the experienced and able counsel in this case can schedule and stage their discovery in such a way that it proceeds efficiently and effectively pending ruling on the motions to dismiss.

The Court's general policy is to not stay discovery just because a dispositive motion is pending, and Defendants have failed to show that an exception to this general policy should apply here.[18] Therefore, Defendants' motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Joint Motion to Stay (ECF No. 44) is denied. The Court will subsequently set this matter for a telephone scheduling conference.

---

[16] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("A court abuses its discretion when it stays discovery and prevents a party from having a sufficient opportunity to develop a factual basis for defending against the motion.").

[17] ECF No. 53 at 4.

[18] In addition to the factors asserted by Defendants in this case, another reason courts in this District typically stay discovery is when a dispositive motion raises an immunity defense. There is no immunity defense asserted by Defendants in this case.

**IT IS SO ORDERED.**

Dated July 13, 2020, at Kansas City, Kansas.

/s/ Teresa J. James

Teresa J. James
U. S. Magistrate Judge