UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20-cv-2161-JWB-TJJ |
| CHARTER COMMUNICATIONS, INC.; BRIGHT HOUSE NETWORKS, LLC; TIME WARNER CABLE, LLC (f/k/a TIME WARNER CABLE INC.); CRAIG COWDEN, an individual; PAUL WOELK, an individual, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Sprint Communications' Motion to Compel Discovery Responses from the Individual Defendants (ECF No. 113). Plaintiff, Sprint Communications Company L.P. ("Sprint"), asks the Court to compel Defendants Craig Cowden and Paul Woelk (jointly "Individual Defendants") to produce information and documents responsive to Requests for Production Nos. 1–3, 5–7, 11, 14, 15, 17, 19, 25, 30, and 31 and provide compete responses to Interrogatory Nos. 1–8 included in Sprint's first set of discovery requests to Individual Defendants. As set forth below, the Court grants Sprint's motion in part and denies it in part.

**I.     Discovery Dispute Background[1]**

---

[1] In its Memorandum and Order dated December 30, 2020 (ECF No. 141), the Court thoroughly summarized the procedural history and factual background of this case. The Court therefore will not repeat that history and background here.

1

Sprint served its first set of discovery requests (including Interrogatories and Requests for Production) on Individual Defendants on August 24, 2020. Individual Defendants served their responses and objections on October 7, 2020. On October 27, 2020, counsel for Sprint sent a letter outlining perceived deficiencies in Individual Defendants' responses, and afterward, the parties met and conferred twice telephonically before Sprint filed the instant motion. The parties resolved several discovery disputes during these discussions, but some remain unresolved.

Sprint contends (and Individual Defendants do not dispute) that the parties have conferred in good faith to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. The Court agrees.

Many of the remaining discovery disputes overlap with issues briefed in conjunction with Sprint's Motion to Compel Discovery from the Corporate Defendants (ECF No. 109). On March 5, 2021, the Court ruled that motion (ECF No. 174). Where applicable, this Memorandum and Order will incorporate rulings and rationale from the March 5 Memorandum and Order.

Also, after Sprint filed its motion, the parties resolved Individual Defendants' objections to a few requests: Sprint's RFP No. 4, RFP No. 18, and RFP Nos. 26–29.[2] The motion is moot with respect to those requests and the Court does not address them further.

## II.     Legal Standards

The legal standard of review for discovery disputes is well-known and oft-applied. The Court has previously set forth the standard twice in this case and does not repeat it here. The same standards apply as in both previous opinions on motions to compel in *Sprint Communications Company L.P. v. Charter Communications*, No. 20-2161-JWB-TJJ.[3]

---

[2] *See* ECF No. 140 at 2–3; ECF No. 149.

[3] 2021 WL 843240 (D. Kan. Mar. 5, 2021); 2020 WL 7770931 (D. Kan. Dec. 30, 2020).

**III.    Analysis**

With the relevant legal standards in mind, the Court considers the discovery at issue. Before beginning the substance of the analysis, however, the Court notes that Individual Defendants' response to nearly every discovery request at issue includes one or both of the following boilerplate objections: (1) the "request is objectionable to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity"; and (2) the "request is unduly burdensome to the extent it seeks ESI that is beyond the scope of the ESI Order."[4] Individual Defendants offer no explanation or support for either of these objections specific to the particular discovery request; they are merely boilerplate objections. Nor do Individual Defendants assert these objections in their response. The Court therefore considers them abandoned, overrules them, and does not address them further.[5]

**A.    Scope of Relevancy ("Sprint Confidential Information" and "Sprint's HC Trade Secrets")**

The first area of dispute arises in relation to multiple discovery requests: Sprint's RFP Nos. 1–2, 11, 15, 17–19,[6] and 25[7] to both Individual Defendants and Sprint's ROG Nos. 1, 4–6,

---

[4] *See, e.g.*, ECF No. 115-1 at 2–6; ECF No. 115-3 at 2–6. These are only examples; the list is not exhaustive.

[5] *Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014) (holding that the party raising the objections has the burden to provide specific support for them).

[6] As noted previously, Sprint has withdrawn its motion to compel with respect to RFP No. 18. The Court's rulings on "Sprint Confidential Information" below, however, apply to RFP No. 18 to the extent the parties still dispute the scope of "Sprint Confidential Information" in this Interrogatory.

[7] Sprint initially includes RFP Nos. 30 and 31 in its list, but it appears the objections to these RFPs have been resolved. *See* ECF No. 134 at 4; 140 at 3 & n.1.

and 8 to both Individual Defendants. In all these requests, Sprint uses the phrase "Sprint Confidential Information," a few times adding "including any of "Sprint's HC Trade Secrets." Individual Defendants objected that these requests are too broad and may encompass all documents in their possession labeled with Sprint confidentiality branding—not only those that relate to the trade secret allegations in this case. According to Individual Defendants, this means that Sprint is requesting a significant number of irrelevant documents. Corporate Defendants made the same objections to similar and identical discovery requests.

The Court ruled this issue in its March 5 Memorandum and Order, and the same rationale applies here. For the reasons stated in ECF No. 174, the Court sustains Individual Defendants' objection in part. Where Sprint's discovery requests seek "Sprint Confidential Information," that part of the request shall be limited to: "the 154 trade secrets identified in Sprint's September 30 Supplemental Response and any further supplements thereafter and 'Sprint Proprietary Information' as defined in the Sprint Employee Agreements Regarding Property Rights and Business Practice that Defendants Cowden and Woelk signed with Sprint on June 25, 2004 and June 1, 1999, respectively."[8]

Given this general ruling, the Court now makes the following specific rulings on the discovery requests impacted by this decision, as several of them have additional objections pending.

- <u>RFP Nos. 1, 2, 17, and 19</u>: *All documents and communications from November 2008 to present discussing or concerning your disclosure of any Sprint Confidential Information, including any of Sprint's HC Trade Secrets, to Bright House, Charter, or TWC (RFP No. 1); all documents and communications discussing or concerning your possession, custody, or control of any Sprint Confidential Information, including any of Sprint's HC Trade Secrets, during the time of your employment at Bright House and/or Charter (RFP*

---

[8] The Court already ruled that the defined term "Sprint's HC Trade Secrets," as subsequently supplemented, is sufficiently definite and narrow. ECF No. 141 at 10.

*No. 2); documents sufficient to identify every personal computer, laptop, or device used by you since 2008 which has ever contained any Sprint Confidential Information (RFP No. 17); and documents sufficient to identify every email account used by you since 2008 which has ever contained any Sprint Confidential Information (RFP No. 19).* For all four of these requests, the Court sustains Individual Defendants' relevance objection in part, as to "Sprint Confidential Information" as explained *supra* at 4. Both Individual Defendants shall produce all responsive documents subject to the ruling, *supra* at 4.[9]

- RFP No. 11: *All documents and communications concerning, discussing, or analyzing Sprint Confidential Information, including but not limited to all documents and communications branded "Sprint Nextel Confidential" or "Sprint Nextel Proprietary" or the like, during your employment at Bright House and/or Charter.* The Court sustains Individual Defendants' relevance objection in part, as to "Sprint Confidential Information" as explained *supra* at 4, and extends that analysis and ruling to "Sprint Nextel Confidential" and "Sprint Nextel Proprietary." In addition, the Court sustains Individual Defendants' objection to "or the like" as overly broad and ambiguous. Individual Defendants object to the lack of temporal limitation on this request, but the request is inherently limited in time by the phrase "during the time of your employment at Bright House and/or Charter." This phrase properly limits the temporal scope of the request, and Individual Defendants' objection on this basis is overruled. Both Individual Defendants shall produce all responsive documents subject to the ruling, *supra* at 4, and other limitations/objections sustained in this paragraph.

- RFP No. 15: *All documents and communications relating to or evidencing the loss or deletion of Sprint Confidential Information from your personal computer, tablet, or device during the time of your employment at Bright House and/or Charter.* The Court sustains Individual Defendants' relevance objection in part, as to "Sprint Confidential Information" as explained *supra* at 4. Individual Defendants also object to this RFP as assuming facts not in evidence "regarding the purported 'loss' or 'deletion' of information."[10] The Court overrules this objection as an improper objection to Sprint's discovery request.[11] Both Individual Defendants shall produce all responsive documents subject to the ruling, *supra* at 4.

- RFP No. 25: *All documents or communications between you and Mr. Woelk [or you and Mr. Cowden] regarding Sprint Confidential Information during the time of your employment at Bright House and/or Charter.* The Court sustains Individual Defendants'

---

[9] In addition to the boilerplate objections addressed *supra* at 4–5, the "Sprint Confidential Information" objection is the only objection raised to these four requests.

[10] ECF No. 115-1 at 16; 115-3 at 16.

[11] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *4 (D. Kan. Jan. 2, 2018) ("An objection on this basis [(assumes facts not in evidence)] is not well-founded in response to a discovery request.").

relevance objection in part, as to "Sprint Confidential Information" as explained *supra* at 4. Individual Defendants object to the lack of temporal limitation on this request, but the request is inherently limited in time by the phrase "during the time of your employment at Bright House and/or Charter." This phrase properly limits the temporal scope of the request, and Individual Defendants' objection on this basis is overruled. Both Individual Defendants shall produce all responsive documents subject to the ruling, *supra* at 4.

- ROG Nos. 1, 4–6, and 8: For each of these Interrogatories, the Court sustains Individual Defendants' relevance objection in part, as to "Sprint Confidential Information" as explained *supra* at 4. Each individual Interrogatory is reviewed in more depth in subsection E.

**B.     RPF No. 3: Sprint VoIP Wholesale Service and/or CLEC Networks Financials**

Sprint's RFP No. 3 seeks "[a]ll documents and communications with TWC, Charter, or Bright House, from 2008 through 2011, concerning, discussing or analyzing Sprint's financials regarding Sprint's VoIP wholesale services and/or CLEC network."[12] Individual Defendants objected, agreeing to produce only "documents related to Sprint's internal cost and associated contribution margin for providing voice services to TWC to the extent they exist within Cowden's [or Woelk's] possession, custody, or control and can be located after a reasonable search."[13] They argue that anything beyond these categories of documents is overly broad and irrelevant. But Sprint maintains that internal costs and contribution margins are not the only financial metrics that are relevant.[14] In fact, Sprint contends it is already aware of specific documents Defendant Woelk had that contained Sprint's analysis of a potential voice market deal and its potential profit.[15]

---

[12] ECF No. 115-1 at 3; 115-3 at 3.

[13] ECF No. 115-1 at 4; 115-3 at 4. This language comes directly from paragraph 48 in Sprint's Complaint and indirectly from paragraph 50.

[14] ECF No. 114 at 10.

[15] *Id.*

6

The Court's March 5 ruling on the Corporate Defendants' objection to a similar RFP (Sprint's RFP No. 2 to Corporate Defendants) also applies here. For the reasons stated in ECF No. 174, the Court sustains Individual Defendants' objection in part and denies it in part.

The Court denies Sprint's motion to compel RFP No. 3 as written, but orders that Individual Defendants respond to Sprint's RFP No. 3 with material responsive to the request as narrowed by Sprint's six claimed trade secret violation categories discussed in ECF No. 174.[16]

### C. RFP Nos. 5–7: Construction, Development and/or Optimization of VoIP Networks

Sprint's RFP Nos. 5–7 request "documents and communications from 2008 through 2011 concerning, discussing, or analyzing": "Bright House's [or TWC's] construction, development and/or optimization of its VoIP network," or "financial reasons to construct, develop and/or optimize one's own VoIP network."[17] Individual Defendants object, claiming that Sprint seeks discovery far beyond what is pleaded, and fails to show that these requests are relevant. Sprint maintains these requests are relevant because its pleadings allege Bright House and TWC improperly obtained Sprint's trade secrets and it is not required to show Defendants "used" Sprint's trade secrets under the Kansas Uniform Trade Secrets Act ("KUTSA"). Sprint also points out that it "has certainly alleged misappropriation of Sprint trade secrets in the context of analysis surrounding Bright House and [TWC]'s VoIP networks."[18] And, Sprint points to three Sprint internal confidential strategy documents Defendant Woelk had on his work computer

---

[16] ECF No. 174 at 16.

[17] ECF No. 115-1 at 5, 6, 7; 115-3 at 5, 6, 7.

[18] ECF No. 114 at 14.

which Sprint suggests Woelk "may have used . . . as he helped expand or optimize VoIP networks at Bright House and Charter."[19]

The Court sustains Individual Defendants' objection in part for the same reasons it sustained Bright House's objection in part on March 5. The requests for production, as written, are overly broad and would require production of a significant number of documents irrelevant to Sprint's claims. However, the documents referenced above located on Woelk's work computer do indicate the possibility and potential ability to use Sprint's trade secrets "to short-cut the development process, modifying and constructing its VoIP network and renegotiating financial arrangements, in order to optimize Bright House's [or TWC's] VoIP network and reach Sprint's level of offerings."[20] Accordingly, the Court will require Individual Defendants to produce documents responsive to RFP Nos. 5–6, modified as follows: Documents and communications from 2008–2011 referencing Sprint or its VoIP network and concerning, discussing, or analyzing Bright House's [or TWC's] construction, development and/or optimization of its VoIP network. The Court also requires Individual Defendants to produce documents responsive to RFP No. 7, modified as follows: Documents and communications from 2008 through 2011 referencing Sprint or its VoIP network and concerning, discussing, or analyzing financial reasons to construct, develop and/or optimize one's own VoIP network.

      D.      **RFP No. 14: Discussion, Analysis, or Evaluation of Sprint VoIP Wholesale Services**

---

[19] *Id.* at 14 n.11.

[20] ECF No. 1-2 ¶ 83.

Sprint's RFP No. 14 requests, "[a]ll documents and communications between you, Bright House and/or TWC concerning, discussing, analyzing or evaluating Sprint VoIP wholesale services and alternatives to the same."[21]

Individual Defendants object to this RFP, claiming (1) the phrases "Sprint's VoIP wholesale services" and "alternatives to the same" are overly broad, vague, and ambiguous; (2) the request is overly broad and irrelevant to the extent it seeks documents and communications unrelated to a trade secret or "Sprint's internal cost and their associated contribution margin for providing voice services to TWC"; and (3) the request is overly broad because it contains no temporal limit. They represent that they will produce "non-privileged, non-attorney work-product documents and communications exchanged between Bright House and TWC concerning the meeting identified in Paragraph 48 of the Amended Petition," which are the same documents Sprint agreed to accept from Corporate Defendants in response to a substantially similar RFP directed to them.[22] Individual Defendants contend that "any information" regarding VoIP services is simply too broad.

Sprint highlights its allegation that it "has uncovered evidence that Mr. Cowden, Mr. Woelk, and Bright House used Sprint's HC Trade Secrets in an attempt to take Sprint's wholesale VoIP business, grow Bright House's VoIP offering to take, and benefit its sister company, [TWC], in the amount of billions of dollars."[23] Sprint further emphasizes that it is seeking only relevant information—not "any" information regarding Sprint's VoIP services. Sprint maintains that it seeks only a targeted group of documents and communications between

---

[21] ECF No. 115-1 at 14; 115-3 at 14.

[22] ECF No. 134 at 6–7.

[23] ECF No. 114 at 15 (quoting ECF No. 1-1).

Individual Defendants and Bright House or TWC, which are directly tied to the allegations in the case.

Individual Defendants' objection is sustained in part and overruled in part. First, the Court disagrees that the phrases "Sprint's VoIP wholesale services" and "alternatives to the same" are overly broad, vague, and ambiguous. Second, the Court has already determined that Sprint's financial claims are not limited to claims about "Sprint's internal cost and their associated contribution margin for providing voice services to TWC." Third, the Court agrees that the request needs a temporal limitation. As the Court has done with similar requests in this case, the Court imposes a time limit on the request to between 2008 and 2011. Individual Defendants shall produce all responsive documents subject to the temporal limitation/objection sustained in this paragraph.

### E. ROG Nos. 1–8: "Complete Responses" Requested

Sprint initially requested that the Court compel Individual Defendants to give complete responses to its interrogatories, even though Individual Defendants had agreed to supplement their responses. After Sprint filed this motion, Individual Defendants did, indeed, supplement their responses. Sprint remains unsatisfied. For each interrogatory, Sprint points out portions of the request that Sprint claims Individual Defendants failed to answer. The Court reviews the Interrogatories individually below.

- ROG No. 1: *Identify and describe the Sprint Confidential Information that you copied, distributed, or accessed while working for Sprint and the protective measures Sprint had in place for accessing such information.* The Court has already ruled on Individual Defendants' objection to the portion of this interrogatory relating to "Sprint Confidential Information," *supra* at 4. Sprint claims that Individual Defendants still have not identified any protective measures Sprint had in place for accessing Sprint Confidential Information. Both Individual Defendants specify that they are "unaware" of any protective measures Sprint had in place for accessing any such "trade secrets." They must answer ROG No. 1 as limited by the Court's ruling, *supra* at 4.

- ROG No. 2: *Describe your employment history since joining Bright House, including identification of your employer, dates of employment, job titles, job duties, whether you entered into an employment contract, confidentiality agreement, non-disclosure agreement, and/or restrictive covenant, and describe by Bates number the employment contract, confidentiality agreement, non-disclosure agreement, and/or restrictive covenant.* Sprint claims that Defendant Cowden failed to give his specific start date, and neither Individual Defendant answered whether he entered into any employment or other agreement—even if he does not have a copy of such agreement. Individual Defendants object to the Interrogatory as overbroad, unduly burdensome, disproportionate, and as seeking irrelevant information. Individual Defendants also object because these documents and information are more easily obtained from Bright House and/or Charter. The Court finds the requested information relevant on its face and overrules Defendants' objections. Individual Defendants have not made any showing that the discovery sought is unduly burdensome or disproportionate. Merely claiming that the documents and information are more easily obtained from Bright House and/or Charter is also insufficient. Rule 33 incorporates the scope of discovery provisions of Rule 26(b).[24] Although Rule 26(b) requires a court to limit discovery if it determines the discovery sought can be obtained from another "source that is more convenient, less burdensome, or less expensive,"[25] Individual Defendants have made no effort to explain how they meet this standard.[26] Individual Defendants shall answer the Interrogatory as posed. If certain requested information is not in Individual Defendants' possession, custody, or control, Individual Defendants shall specifically so state and identify that information.

- ROG No. 3: *Identify and describe the recruitment process by which you became employed by Bright House, including all recruiting firms and individual recruiters involved, the interview process, the dates and attendees of all interviews and meetings, all documents and information requested and received during the recruitment process, all documents and information you shared or that were shared with you during the recruitment process, and all offers of employment made to, negotiated, and/or accepted by you.* Individual Defendants object that the phrase "recruiting process" is vague and ambiguous, and that the documents and information referenced can be more readily obtained from other parties. Sprint complains about both Individual Defendants' lack of specificity as to dates, details as to the recruitment process, information requested and

---

[24] Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b).")

[25] Fed. R. Civ. P. 26(b)(2)(C)(i).

[26] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003) ("The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections."). "The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.*

11

received during the recruitment process, and offers of employment. Individual Defendants' objections to ROG No. 3 are overruled. They shall provide complete information in response to all information requested. If certain requested information is not in Individual Defendants' possession, custody, or control, Individual Defendants shall specifically so state and identify that information.

- ROG No. 4: *Identify every employee or agent of TWC, Bright House, and/or Charter who had any communications with you regarding Sprint Confidential Information and/or who had access to the work computers used by you.* The Court has already ruled on Individual Defendants' objection to the portion of this interrogatory relating to "Sprint Confidential Information," *supra* at 4. Defendant Cowden appeared to address Sprint's complaint about his initial answer to ROG No. 4 with his supplement. Sprint still claims that Defendant Woelk's supplemental answer, however, is deficient.

    Defendant Woelk objects that the Interrogatory contains no temporal limit. Sprint asks Defendant Woelk to "confirm whether it is Woelk's position that he did not have any communications with employees of TWC, Bright House, and/or Charter regarding Sprint Confidential Information (including the information contained in the January 2009 presentation) after he accepted employment at Bright House."[27]

    The Court agrees that ROG No. 4 should contain a temporal limitation—of 2008 to present. Defendant Woelk shall respond to ROG No. 4 for the time period from 2008 to present, subject to the Court's "Sprint Confidential Information" ruling, *supra* at 4.

- ROG No. 5: *Identify every location, computer, email account, storage medium (e.g. CD-ROM, USB drive, etc.) and/or source that you have possessed, controlled, or accessed at any point after termination of your employment with Sprint, whether actual or digital, containing any documents generated by Sprint and/or any documents containing Sprint Confidential Information.* The Court has already ruled on Individual Defendants' objection to the portion of this interrogatory relating to "Sprint Confidential Information," *supra* at 4. Individual Defendants further object that the Interrogatory seeks irrelevant information because it seeks information including "documents generated by Sprint," which may be publicly available. And Individual Defendants argue ROG No. 5 is overly broad, unduly burdensome, vague and ambiguous, and disproportional with respect to the phrase "every location, computer, email account, storage medium (e.g. CD-ROM, USB drive, etc.) and/or source."

    Sprint asks that Defendant Cowden "confirm whether Cowden's position is that no other computer, storage medium, or email account other than those listed in the response ever contained the documents described in the response."[28] Sprint asks for a basis for refusal if Cowden is refusing to provide all responsive information. And Sprint wants more

---

[27] ECF No. 115-5 at 5.

[28] ECF No. 115-5 at 7–8.

specific information from Defendant Woelk about the external hard drive referenced in his supplemental answer, as well as confirmation that Woelk takes the position that "no other document which came from or originated at Sprint, other than the documents identified in the response to this interrogatory, were stored on Woelk's "personal hard drive" or his "phwoelk@yahoo.com" email account, and whether any other email account stored documents responsive to this interrogatory."[29]

The Court sustains the objection to the phrase "containing any documents generated by Sprint" as overly broad and possibly including documents that are publicly available, and/or which are not relevant to Sprint's trade secrets claim. As for the objection to the "every location . . ." phrase, Individual Defendants do not further explain their objection or identify in detail how it would be unduly burdensome. The request is relevant on its face, and Individual Defendants have not met their burden to show why they should not be compelled to respond. Individual Defendants shall respond to this Interrogatory subject to the "Sprint Confidential Information" ruling, *supra* at 4, and the "containing any documents generated by Sprint" limitation/objection sustained in this paragraph. Individual Defendants shall provide complete information in response to all information requested. If certain requested information is not in Individual Defendants' possession, custody, or control, Individual Defendants shall specifically so state and identify that information.

- ROG No. 6: *For every location, computer, email account, storage medium (e.g. CD-ROM, USB drive, etc.) and/or source identified in your response to Interrogatory No. 5, identify all periods of time during which you had access to that location and/or source and identify all documents containing Sprint Confidential Information you accessed from that location, computer, email account, storage medium and/or source.* The Court has already ruled on Individual Defendants' objection to the portion of this Interrogatory relating to "Sprint Confidential Information," *supra* at 4. Again, Individual Defendants argue ROG No. 6 is overly broad, unduly burdensome, vague and ambiguous, and disproportional with respect to the phrase "every location, computer, email account, storage medium (e.g. CD-ROM, USB drive, etc.) and/or source." They also object to the lack of a temporal limit.

Sprint claims that Defendant Woelk's supplemental response fails to identify the exact date in 2011 on which he recycled an external hard drive. Sprint also claims that Defendant Cowden fails to identify whether he still has access to craig.cowden@att.net or confirm that he has identified all responsive information. Sprint asks for a basis for refusal if Cowden is refusing to provide all responsive information.

Again, Individual Defendants' objection as to the "every location . . ." phrase identified above is overruled. As for the temporal limit, the Interrogatory is inherently limited by the phrase "at any time after the termination of your employment with Sprint" included in ROG No. 5. This objection is also overruled. Subject to the "Sprint Confidential

---

[29] ECF No. 115-2 at 5.

Information" ruling, *supra* at 4, Individual Defendants shall respond completely to ROG No. 6. If certain requested information is not in Individual Defendants' possession, custody, or control, Individual Defendants shall specifically so state and identify that information.

- ROG No. 7: *Describe in detail how the Sprint documents found on Charter computers in August 2019, as referenced in Paragraph 72 of the First Amended Petition, were transferred to such computers, and describe in detail every computer, email account, and storage medium on which such information was stored, tracing back from the Charter computers on which Sprint documents were found in August 2019 to the original Sprint computer from which it originated; and for each such computer, email account, and storage medium, identify when the Sprint documents were placed on that computer, email account, and storage medium and when, if at all, they were deleted.* Individual Defendants object that ROG No. 7 is not relevant because it broadly seeks information concerning all "Sprint documents found on Charter computers in August 2019."

  Sprint wants more details from Defendant Woelk about the transfer of documents from his external hard drive to his Bright House Computer. Sprint believes that Defendant Woelk needs to provide specific email account(s), and any dates on which Sprint documents were deleted. Sprint asks that Cowden confirm that he has identified all responsive information, and, if not, to give a basis for refusal.

  The Court finds that the phrase "Sprint documents found on Charter computers in August 2019" is not too broad because it is modified by "as referenced in Paragraph 72 of the First Amended Petition." Paragraph 72 specifies that Sprint is referring to the documents counsel for Charter informed Sprint's counsel about on August 6, 2019, that were "located on Charter business computers which appeared to be Sprint documents with no legitimate reason to be at Charter."[30] The Court overrules Individual Defendants' objection and directs them to respond completely to ROG No. 7. If certain requested information is not in Individual Defendants' possession, custody, or control, Individual Defendants shall specifically so state and identify that information.

- ROG No. 8: *Describe all Sprint Confidential Information that was in your possession, custody, or control at the time your employment ended but that is now not in your possession, custody, or control, and explain how and when such information was deleted or destroyed.* The Court has already ruled on Individual Defendants' objection to the portion of this interrogatory relating to "Sprint Confidential Information," *supra* at 4. Individual Defendants object, stating that the Interrogatory assumes facts not in evidence regarding whether "information was deleted or destroyed." This objection is again overruled.

  Sprint wants more details from Defendant Woelk about how the external hard drive was recycled and what, if anything, else happened to its contents. Sprint also wants Defendant Woelk to supplement with responsive information about Sprint documents on any Woelk

---

[30] ECF No. 1-2 at 22 ¶ 72.

14

email account. And once again, Sprint asks whether Cowden has identified all responsive information, and, if not, to give a basis for refusal.

The Court finds Sprint's Interrogatory proper, and directs Individual Defendants to respond completely to ROG No. 8 (subject to the "Sprint Confidential Information" ruling, *supra* at 4). If certain requested information is not in Individual Defendants' possession, custody, or control, Individual Defendants shall specifically so state and identify that information.

**IT IS THEREFORE ORDERED** that Plaintiff Sprint Communications' Motion to Compel Discovery Responses from the Individual Defendants (ECF No. 113) is granted in part and denied in part as set forth in detail herein.

Dated April 6, 2021, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge